1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11  RAMON N. LUPERIOR,                          Case No.  1:13-cv-00628-LJO-SKO

12          Plaintiff,                          **FINDINGS AND RECOMMENDATIONS
                                                THAT PLAINTIFF'S COMPLAINT BE**
13      v.                                      **DISMISSED WITH PREJUDICE AND
                                                WITHOUT LEAVE TO AMEND**
14  JAMES HEUSDENS, et al.,

15
16          Defendants.
17  _____/

18                        **I.    INTRODUCTION**

19          On April 25, 2013, Plaintiff Ramon N. Luperior ("Plaintiff"), a prisoner proceeding *in pro*

20  *se*, filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants James Heusdens,[1] Athena

21  Shudde, and Andrew Flier (collectively "Defendants").   For the reasons set forth below, it is

22  RECOMMENDED that Plaintiff's complaint be dismissed with prejudice and without leave to

23  amend.

24                        **II.    BACKGROUND**

25          Plaintiff states claims against three defendants, Defendant James Heusdens,[2] Athena

26  Shudde, and Andrew Flier.  (Doc. 1.)  Plaintiff asserts that Defendant Heusdens was the attorney

27  _____
    [1] Plaintiff identifies "James Heusden" as a defendant; The State Bar of California online records indicate that the
28  correct spelling is "James Heusdens."
    [2] The California Bar website indicates that Mr. Heusdens is deceased.

who represented him during the course of criminal proceedings in Tulare County Superior Court. Defendant Heusdens allegedly violated Plaintiff's due process rights during the course of representing Plaintiff in the criminal proceedings. Plaintiff alleges that Defendant Heusdens failed to investigate witnesses, look into evidence or statements of witnesses, and obtain DNA testing on clothes and gun residue; Defendant Heusdens also fell asleep during the course of the trial proceedings. (Doc. 13:6-13.)

Plaintiff alleges that Defendant Shudde is an attorney who represented Plaintiff in the appeal of the underlying criminal action, and violated Plaintiff's right to due process by failing to (1) investigate Mr. Heusdens' ineffective assistance as counsel, (2) look into statements of witnesses, and (3) return evidence, including court documents and transcripts, to Plaintiff for purposes of filing a petition for writ of habeas corpus. (Doc. 1, 3:16-22.)

As to Defendant Flier, Plaintiff asserts that he is an attorney who represented Plaintiff in his appeal to the California Supreme Court. Defendant Flier was supposed to file a writ of habeas corpus, but did not do so until six months after the deadline. Defendant Flier also failed to "investigate any evidence on the plaintiff['s] behalf . . . and did not interview witnesses." (Doc. 1, 4:3-4.)

## III. DISCUSSION

### A. Screening Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (quoting *Twombly*, 550 U.S. at 555).

**B.     Plaintiff's Section 1983 Claim Against Defendant Heusdens is Barred by *Heck v. Humphrey***

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the U.S. Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254 . . . . thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87 (footnote omitted); *see also Harvey v. Waldron*, 210 F.3d 1008, 1013 (9th Cir. 2000) ("under the Court's holding in *Heck*, a § 1983 action that would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable[.]"); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) ("*Heck* precludes a section 1983 claim based on actions which would render a conviction or sentence invalid where that conviction has not been reversed, expunged or called into question by issuance of a writ of habeas corpus.") (internal quotation marks and citation omitted).

3

1   Plaintiff's allegation that Defendant Heusdens' conduct caused him to receive ineffective
2   assistance of counsel during criminal proceedings, challenge the "fact or duration of [plaintiff's]
3   confinement[.]" *Heck*, 512 U.S. at 481. Such allegations fall squarely within the category of
4   "actions whose unlawfulness would render a conviction or sentence invalid[.]" *Id.* at 486; *see also*
5   *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (concluding that
6   Sixth Amendment claim of ineffective assistance of counsel brought under Section 1983 was
7   precluded under *Heck*). Thus, if Plaintiff prevailed on his Section 1983 claim against Defendant
8   Heusdens, it "'would necessarily imply the invalidity of his conviction or sentence.'" *Harvey*, 210
9   F.3d at 1013 (quoting *Heck*, 512 U.S. at 487).

10  **C.    Defendants Did Not Act Under the Color of State Law**

11  Finally, Plaintiff's claims are not cognizable under Section 1983 due to a lack of state
12  action or a state actor. To adequately set forth a Section 1983 claim, a plaintiff must affirmatively
13  link each defendant with some act or omission that demonstrates a violation of his federal rights.
14  *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). In *Johnson*, the Ninth Circuit explained
15  that

16  A person "subjects" another to the deprivation of a constitutional right, within the
    meaning of section 1983, if he does an affirmative act, participates in another's
17  affirmative acts, or omits to perform an act which he is legally required to do that
    causes the deprivation of which complaint is made. [citation omitted] Moreover,
18  personal participation is not the only predicate for section 1983 liability. Anyone
    who "causes" any citizen to be subject to a constitutional deprivation is also liable.
19  The requisite causal connection can be established not only by some kind of direct
    personal participation in the deprivation, but also by setting in motion a series of
20  acts by others which the actor knows or reasonably should know would cause
21  others to inflict the constitutional injury.

22  *Id.*

23  A plaintiff seeking relief under Section 1983 must also establish that the defendants acted
24  under the color of state law. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Here,
25  Plaintiff apparently retained Defendants to represent him during criminal proceedings, for
26  purposes of appeal, and to file a writ of habeas corpus. However, a "lawyer representing a client is
27  not, by virtue of being an officer of the court, a state actor 'under color of state law' within the
28  meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). This rule applies even if

4

1   counsel was appointed by the court to represent Plaintiff at his criminal trial. *Id.* At 318-19.

2        In sum, because Defendants did not act under color of state law in representing Plaintiff,

3   the federal civil rights claim against Defendants must be dismissed.

4   **D.      State Law Malpractice Claim Not Cognizable Under Section 1983**

5        Finally, even liberally construing the complaint to state a cause of action for malpractice

6   against each Defendant, such a claim is insufficient to state a cause of action under Section 1983.

7   *See Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001) ("To the extent that the violation of a state

8   law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by

9   the federal Constitution, Section 1983 offers no redress.") (internal quotation marks and citation

10  omitted); *Ford v. Deilly*, No. CIV S-07-0596-MCE GGH P, 2007 WL 1722443, at *1 (E.D. Cal.

11  June 13, 2007) ("No cognizable claim exists under 42 U.S.C. § 1983 for legal malpractice.").

12  **E.      No Leave to Amend Should be Granted**

13       In civil rights cases in which the plaintiff appears pro se, courts must construe the

14  pleadings liberally and give the plaintiff the benefit of any doubt, as pleadings drafted by pro se

15  litigants are held to less stringent standards than those drafted by lawyers. *Ferdik v. Bonzelet*,

16  963 F.2d 1258, 1261 (9th Cir. 1992), *as amended* on March 22, 1992.  In addition, a pro se litigant

17  must be given leave to amend unless it is absolutely clear that the complaint's deficiencies cannot

18  be cured by amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per

19  curiam).  Notwithstanding these principles, the granting of leave to amend rests within the sound

20  discretion of the court, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971),

21  and the court's determination is to be guided by several factors, including whether (1) the

22  amendment causes the opposing party undue prejudice; (2) amendment is sought in bad faith;

23  (3) the amendment causes undue delay; (4) the amendment constitutes an exercise in futility; and

24  (5) the plaintiff has previously amended his or her complaint. *DCD Programs, Ltd. v. Leighton*,

25  833 F.2d 183, 186 (9th Cir. 1987).

26       A liberal construction of the complaint and assuming the truth of all factual allegations, the

27  Court is persuaded that there is no basis for concluding that Plaintiff's claims can be cured through

28  amendment.  Here, assuming the truth of Plaintiff's allegations, his federal civil rights claim

against Defendant Heusdens is barred by *Heck v. Humphrey*.  Further, the Section 1983 claims against all Defendants are not cognizable because Defendants did not act under the color of state law in representing Plaintiff in the underlying criminal action or the subsequent appeal process.

### IV.    CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court hereby RECOMMENDS that the complaint be DISMISSED with prejudice and without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **July 1, 2013**                                  **/s/ Sheila K. Oberto**
                                                         UNITED STATES MAGISTRATE JUDGE

6